**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| OMX, INC. and OFFICEMAX INCORPORATED, | ) ) ) | Case No. |
| Plaintiffs, | ) ) | |
| v. | ) ) | JURY TRIAL DEMANDED |
| KENDREW WANG, d/b/a ARCTIC ACCESSORIES, and FRONTAL GROUP PRIVATE LIMITED, | ) ) ) ) | |
| Defendants. | ) ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs, OMX, Inc. and OfficeMax Incorporated (together, "OfficeMax"), for their complaint for patent infringement against Defendants, Kendrew Wang, d/b/a, Arctic Accessories ("Mr. Wang") and Frontal Group Private Limited ("Frontal Group") (collectively, "Arctic" or "Defendants"), state as follows:

**NATURE OF THE ACTION**

1.      This is an action at law and in equity for patent infringement, arising under the United States Patent Act, 35 U.S.C. §§ 1, *et seq.*

2.      Arctic manufactures, uses, offers for sale, sells, and/or imports a stylus-pen for tablets, namely the Architect Stylus, throughout the United States that copies OfficeMax's pen design and infringes on OfficeMax's rights in U.S. Design Patent No. 572,755. Arctic's product is not manufactured by OfficeMax, nor is Arctic connected or affiliated with, or authorized by, OfficeMax in any way. This action seeks injunctive relief and monetary damages to remedy the harm to OfficeMax caused by Arctic's infringement of OfficeMax's patent rights.

## PARTIES

3.        Plaintiff OMX, Inc. is a Nevada corporation with its principal place of business at 263 Shuman Blvd., Naperville, IL 60563.

4.        Plaintiff OfficeMax Incorporated (NYSE: OMX) is a Delaware corporation with its principal place of business at 263 Shuman Blvd., Naperville, IL 60563.

5.        Upon information and belief, Defendant Kendrew Wang is an individual that is a citizen of Singapore and resides at the address 5 Pandan Valley #06-706, Bauhinia Terrace, Singapore 597629.  Mr. Wang does business through the name Arctic Accessories, which makes, uses, or sells electronic products, including the Architect Stylus.

6.        Upon information and belief, Defendant Frontal Group is company existing under the laws of Singapore with its principal place of business at 2 Marina Blvd, Level 33, Suite 3, Singapore 0189872.  Mr. Wang is a director of Frontal Group.  Together with Mr. Wang, Frontal Group makes, uses, or sells electronic products, including the Architect Stylus.

7.        Upon information and belief, Arctic, through Mr. Wang and Frontal Group, operates its business almost exclusively through its on-line store, www.thearcticstore.com. Through its website, Arctic targets business in this judicial district, advertises in this judicial district, and has sold products, including the Architect Stylus, into this judicial district.

## JURISDICTION AND VENUE

8.        The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), because this case presents well-pleaded federal questions arising under the Patent Act, 35 U.S.C. §§ 1, *et seq.*

9.        The exercise of *in personam* jurisdiction over the Defendants comports with the laws of the State of Illinois and the constitutional requirements of due process because

Defendants and/or their agents transact business and/or offer to transact business within Illinois. Specifically, Defendants, through www.thearcticstore.com and various advertisements, specifically target and advertise to the state of Illinois and offer for sale, sell, and distribute stylus-pens and other accessories, including without limitation, the Architect Stylus, throughout the United States, including within the State of Illinois.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b), as a substantial part of the events or omissions giving rise to OfficeMax's claims occurred within this judicial district.  Furthermore, pursuant to 28 U.S.C. § 1391(c)(3), venue is proper in this judicial district because Defendants are not residents of the United States and are subject to personal jurisdiction in this district.

## GENERAL ALLEGATIONS

11.     OfficeMax is a leader in both business-to-business and retail office products distribution. OfficeMax provides office supplies, paper, and electronic accessories, technology products and solutions, and furniture to large, medium and small businesses, government offices, and consumers.

12.     OfficeMax distributes products through more than 900 retail locations throughout the United States.  In addition, OfficeMax sells its products, including highlighter-pens and stylus-pens, through the website, www.OfficeMax.com. OfficeMax has become well-known as a premier resource for office supplies and technology products in the United States.

## THE '755 PATENT

13.     OMX, Inc. is the assignee and owner of U.S. Design Patent No. 572,755 (the "'755 Patent"), entitled "Marker and Cap," which was duly and legally issued by the U.S. Patent and Trademark Office on July 8, 2008. (A true and correct copy of the '755 Patent is

attached hereto as **Exhibit A**.)  OfficeMax Incorporated is the exclusive licensee of the '755 Patent.

14.    The '755 Patent claims an ornamental design as shown and described in the following figures:



15.    In 2008, OfficeMax launched a new design in highlighter-pens protected by the '755 Patent, under OfficeMax's "TUL" brand.  TUL is a brand that is exclusively manufactured and sold by OfficeMax.  Through its website and retail stores, OfficeMax began to advertise, offer for sale, and sell the TUL "pen-style" highlighter ("TUL pen").  (A true and correct copy of a current TUL pen offering through OfficeMax's website is attached hereto as **Exhibit B**.) OfficeMax continues to sell the TUL pen today.

16.     Arctic manufactures, uses, offers for sale, sells, and/or imports stylus-pens and other accessories throughout the United States, including within the State of Illinois. For example, Arctic sells the "Architect Stylus" pen ("Architect Stylus") for iPads and other electronic tablets, within the State of Illinois through its website, www.arcticstore.com.

17.     Arctic's stylus-pens, including the "Architect Stylus" manufactured, used, offered for sale, sold, and/or imported by Arctic, are not manufactured by OfficeMax, nor is Arctic associated or connected with OfficeMax, or licensed, authorized, sponsored, endorsed, or approved by OfficeMax in any way. OfficeMax has never provided any authorization, license, assignment, or other permission to Arctic to use the '755 Patent.

18.     Yet, the Architect Stylus copies the look and feel of the design claimed in the '755 Patent.  A copy of the Architect Stylus is shown below:



19.     Arctic's imitation of the claimed design of the '755 Patent is unmistakable.  One commentator to an article on Arctic's website even recognized Arctic copying of the design in the Architect Stylus, by stating "Hmm…the design detailing is *almost identical to the line of TUL highlighters that gravitytank did*."  (A true and correct copy of the article is attached as

**Exhibit C** (emphasis added) and also available through http://www.thearcticstore.com/press and http://www.fastcodesign.com/1665273/wanted-a-chic-stylus-for-drawing-on-ipads-with-hyper-precision#1 (each last visited on November 9, 2012).)

## ARCTIC'S INFRINGEMENT IS WILLFUL

20.     Arctic' intentional and bad faith conduct is evident from the fact that the "Architect Stylus" products are obvious imitations of well-known and successful OfficeMax products, including but not limited to OfficeMax's well-known TUL pen covered by the '755 Patent.

21.     Further, OfficeMax contacted Arctic on April 16, 2012 notifying Arctic of its infringement and requesting that Arctic cease all further offers for sale, sales, and/or distribution of the "Architect Stylus" footwear, as well as any other products that were substantially similar to the '755 Patent. (A true and correct copy of the April 16, 2012 letter is attached hereto as **Exhibit D**.)  Despite this express notification of infringing activity, Arctic ignored OfficeMax and continued to market, offer for sale, import, and sell the Architect Stylus.

22.     Arctic's continued sale, offering for sale, importation, and/or distribution of the Architect Stylus infringes the '755 Patent.  These infringing actions have resulted in irreparable harm to OfficeMax for which OfficeMax has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF

## INFRINGEMENT OF THE '755 PATENT – 35 U.S.C. § 1, *ET SEQ.*

23.     OfficeMax hereby incorporates each of the preceding paragraphs 1-22 as if fully set forth herein.

24.     Arctic has manufactured, used, offered for sale, sold, and/or imported, and continues to manufacture, use, offer to sell, sell, and/or import the "Architect Stylus" products

that infringe the '755 Patent, in violation of 35 U.S.C. § 271(a).

25.     Indeed, the design claimed in the '755 Patent and the design of the Architect Stylus are substantially the same, if not identical, which resemblance has and will continue to deceive an observer, inducing him or her to purchase an Architect Stylus believing it to be associated with the design of the '755 Patent and OfficeMax.

26.     As a result of Arctic's infringement of OfficeMax's rights in the '755 Patent, OfficeMax has suffered and will continue to suffer damages in an amount to be proved at trial.

27.     In addition, OfficeMax is entitled to recovery of Arctic' profits pursuant to 35 U.S.C. § 284, OfficeMax's lost profits under 25 U.S.C. § 289, or a combination of profits and royalties under 35 U.S.C. § 284 and 25 U.S.C. § 289.

28.     Arctic's infringement of the '755 Patent has been with full knowledge of the '755 Patent and OfficeMax's rights therein. Arctic' continued infringement with full knowledge of '755 Patent and OfficeMax's rights therein is willful.

29.     Arctic's willful infringement of OfficeMax's rights in the '755 Patent warrants an award of treble damages under 35 U.S.C. § 284 and makes this an exceptional case warranting an award of OfficeMax's reasonable attorney's fees and costs under 35 U.S.C. § 285.

30.     Arctic's infringement of the '755 Patent has caused irreparable harm to OfficeMax, and will continue to do so unless enjoined. As a result, OfficeMax is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs OMX, Inc. and OfficeMax Incorporated pray for entry of judgment granting:

A.     An injunction restraining Kendrew Wang, d/b/a, Arctic Accessories, Frontal

Group Private Limited and any of their officers, agents, servants, employees, directors, representatives, successors-in-interest, parent corporations, subsidiary corporations, affiliated companies, and all other persons, firms or entities acting in concert or participating with them, directly or indirectly, who receive actual notice of this judgment, from manufacturing, using, marketing, distributing, selling, offering to sell, and importing any products, including without limitation, the Architect Stylus products, that infringe the '755 Patent;

B. An award to Plaintiffs of their actual damages based on its claims in an amount according to proof;

C. An award to Plaintiffs of the total profits received or derived by Kendrew Wang, d/b/a, Arctic Accessories, and Frontal Group Private Limited from the manufacture, marketing, sale, offering for sale, and/or distribution of products bearing or using any copy or colorable imitation of the '755 Patent pursuant to 35 U.S.C. § 284. Alternatively, an award to Plaintiffs of the total profits lost as a direct result of Kendrew Wang, d/b/a, Arctic Accessories, and Frontal Group Private Limited manufacture, marketing, sale, offering for sale, and/or distribution of products bearing or using any copy or colorable imitation of the '755 Patent under 35 U.S.C. § 289, or a combination of profits and royalties under 35 U.S.C. § 284and 35 U.S.C. § 289;

D. A declaration that Kendrew Wang, d/b/a, Arctic Accessories, and/or Frontal Group Private Limited's infringement and other wrongful acts herein alleged be determined deliberate, willful, and in conscious disregard of OfficeMax's rights pursuant to 35 U.S.C. § 284;

E. A declaration that this case is exceptional, and, in conjunction therewith, an award of reasonable attorney's fees and costs pursuant to 35 U.S.C. § 285 as a result of Kendrew Wang, d/b/a, Arctic Accessories, and Frontal Group Private Limited's deliberate and willful infringement in conscious disregard of Plaintiffs' rights;

F.      Compensatory damages;

G.      Pre-judgment and post-judgment interest as allowed by law; and

H.      Such other and further equitable and legal relief as this Court deems just and proper.

## **<u>JURY DEMAND</u>**

Plaintiffs OMX, Inc. and OfficeMax Incorporated hereby demand a trial by jury on all issues so triable.

Dated:  November 15, 2012            Respectfully submitted,

                                     OMX, INC. and OFFICEMAX
                                     INCORPORATED


                                     /s/  John S. Letchinger
                                     By one of their Attorneys

John S. Letchinger (No. 6207361)
E. Tim Walker (No. 6294608)
EDWARDS WILDMAN PALMER LLP
225 West Wacker Drive, Suite 3000
Chicago, Illinois  60606-1229
(312) 201-2000
(312) 201-2555 fax
*jletchinger@edwardswildman.com*
*twalker@edwardswildman.com*